IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:15-801-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WENDRELL WILLIAMS | ) | |
| | ) | |

This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 914). Seeking compassionate release, the defendant states that the threat posed by the ongoing COVID-19 pandemic, coupled with his current medical problems, constitute extraordinary and compelling reasons for his immediate release.

The government has responded in opposition (ECF No. 918), arguing that the defendant has not shown an extraordinary and compelling reason for release. Additionally, the government asserts that the statutory sentencing factors under 18 U.S.C. § 3553(a) do not weigh in favor of the defendant's release.

In his reply to the government's response, the defendant argues that if he "were to go before this very court today with a similar offense, he would probably receive a much lower sentence." (ECF No. 919 at 2).

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is respectfully denied.

1

STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *See Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals are to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. The relevant portion of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever

> is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

By its terms, § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court first finds that (i) extraordinary and compelling reasons warrant such a reduction; and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A)," and as a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230); *see also, Kibble*, 992 F.3d at 331.

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Also, the defendant bears the burden

to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. As noted previously in this order and as set out in *McCoy*, because there is no applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A), district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

*Exhaustion of Administrative Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on

their behalf. The defendant may file a motion with the court after (1) fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).

As it appears to this court that the defendant has fully exhausted his administrative remedies, the court will proceed to review the matter on the merits.

## DISCUSSION

The mere existence of the COVID-19 pandemic—which poses a threat to every non-immune individual in the world—cannot independently provide a basis for a sentence reduction or justify compassionate release. However, COVID-19 is certainly relevant to the court's analysis of a § 3582(c)(1)(A) motion for compassionate release. If a defendant has a chronic medical condition that has been identified by the Centers for Disease Control (CDC) as elevating the inmate's risk of becoming seriously ill from COVID-19, it is possible that such medical condition could satisfy the extraordinary and compelling reasons standard. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Rather, the threshold questions are whether the defendant has a particularized risk of contracting COVID-19 in prison and whether his or her medical conditions render them particularly susceptible to severe illness or death should he or she contract the virus.

5

*See United States v. Youngblood*, No. 20-7836, 2021 WL 4167105, at *2 (4th Cir. Sept. 14, 2021) (citing *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021)).

*Background of Criminal Case*

During the spring of 2013, the FBI initiated an investigation into the drug trafficking activities of Folk Nation gang members operating in the Midlands area of South Carolina. As part of their investigation of drug trafficking activities in the Columbia area, FBI agents sought and obtained a court order authorizing the interception of wire communications.

In November 2015, the defendant was one of 17 defendants named in a one-count Indictment charging conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine.

The Presentence Report (PSR) (ECF No. 493) prepared by the United States Probation Office determined that the defendant's base offense level was 32. The quantity of cocaine powder attributable to the defendant was 16 kilograms. He received a reduction for acceptance of responsibility, reducing his total offense level to 29. The defendant's total criminal history score was 0, thus his criminal history category was I. The resulting Guideline range was 87 to 108 months.[1] However, because the Guideline range was less than the statutory mandatory minimum, the range became 120 months.

---

[1] The PSR noted that if the court found the defendant eligible for the safety valve, his total offense level would become 27, which produced a Guideline range of 79 to 87 months. However, the court found that the defendant did not meet the fifth prong for safety-valve eligibility.

On June 30, 2016, the defendant signed a written plea agreement (ECF No. 376) and pleaded guilty to Count 1— conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

In October 2016, this court sentenced the defendant to a custodial term of 120 months, the statutory mandatory minimum sentence. The term of supervised release was set at 5 years.

The defendant did not appeal his conviction or sentence. He did file an unsuccessful motion to vacate his sentence pursuant to 28 U.S.C. § 2255 raising claims of ineffective assistance of counsel.

*The Defendant's Motion for Compassionate Release*

In his motion (ECF No. 914), the defendant contends that he suffers from asthma which he has had since a young age; nerve damage; and severe pain following a pelvic reconstruction. He also notes his family history of lupus, hypertension, and iron deficiency anemia.

The government argues that although the defendant claims that he suffers from asthma, he has not provided sufficient documentation for his asserted medical condition, nor do BOP medical records (2019–2021) substantiate this claim. The government notes that in his administrative request for compassionate release, the defendant did not allege that he suffered from asthma; rather, he claimed to be obese, a claim that is not raised in his present

motion. Additionally, a review of the defendant's PSR makes no mention of the defendant having asthma. The government states that the defendant's medical records establish that the defendant previously contracted COVID, was asymptomatic throughout the duration, and was released from isolation after 20 days. Finally, the government notes that the defendant received his second and finale dose of the COVID-19 vaccine in February 2021.

Because neither party filed these medical records, the court requested and obtained all of the defendant's medical records from the BOP. The court finds nothing in these 73 pages that reveals that the defendant suffers from either obesity or asthma. The defendant's original motion contends that he has suffered from asthma "since a young age." Authored in 2016, the PSR does not reveal that the defendant has either asthma or obesity.

In his reply memorandum, the defendant does not address the government's observation that the medical records belie the defendant's claim that his medical conditions include obesity and asthma.

As noted earlier, the defendant also suggests in his reply, although indirectly, that if sentenced today, he would now qualify for the safety-valve Guideline. The defendant is incorrect. As the PSR points out, the defendant did not qualify for safety-valve consideration because he failed on the fifth prong of the safety-valve requirement. That prong was not altered or changed by the First Step Act.

CONCLUSION

After carefully considering the applicable law, the arguments of the parties, and the record before it, the court concludes that the defendant has not met his burden of establishing that he has an extraordinary and compelling reason such that he is eligible for release under § 3582(c)(1)(A). As the court finds no extraordinary and compelling reason, it is not necessary for the court to address the § 3553(a) factors.

Accordingly, the defendant's motion (ECF No.914) is respectfully denied.[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

January 11, 2022
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] To the extent that the defendant seeks to have this court direct the BOP to place the defendant in home confinement, this court is without authority to do so. The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.")